UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORENZO JOHNSON,

       Petitioner,

v.                                                                          Case No. 16-12405
                                                                                      Honorable Linda V. Parker

SHIRLEE HARRY,

       Respondent.
_____/

**OPINION & ORDER (1) DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS; (2) DENYING AS MOOT PETITIONER'S MOTION TO EXPEDITE HABEAS PROCEEDING; (3) DENYING A CERTIFICATE OF APPEALABILITY; AND (4) DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.  Introduction**

Michigan prisoner Lorenzo Johnson ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction following a jury trial in Wayne County Circuit Court of possession of a firearm during the commission of a felony, second offense.  Petitioner raises a Fourth Amendment claim in support of his request for habeas relief.  Petitioner recently filed a motion asking the Court to expedite its review of his petition.

**II.  Standard of Review**

Promptly after the filing of a habeas petition, the court must undertake a preliminary review of the petition to determine whether "it plainly appears from the

face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243.  If, after preliminary consideration, the court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition. *Id.*; *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (a district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes petitions raising legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *See Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).

### III. Discussion

Petitioner's sole claim on habeas review is a Fourth Amendment challenge to the search and seizure of the weapons found in his home when police effectuated an arrest warrant for his son, who Petitioner says did not live there.  Petitioner asserts that the state trial court erred in denying his motion to suppress the evidence at trial.  Petitioner raised this claim on direct appeal before the Michigan Court of Appeals, which denied relief on the claim and affirmed his conviction. *People v. Johnson*, No. 323312, 2016 WL 191996, *1-4 (Mich. Ct. App. Jan. 14, 2016) (unpublished).  Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which the Court denied in a standard order. *People v. Johnson*, 499 Mich. 930, 878 N.W.2d 869 (2016).

Federal courts will not address a Fourth Amendment claim on habeas review if the petitioner had a full and fair opportunity to litigate the claim in state court and the presentation of the claim was not thwarted by any failure of the state's corrective processes. *See Stone v. Powell*, 428 U.S. 465, 494-95 (1976). A court must perform two distinct inquiries when determining whether a petitioner may raise such a claim in a habeas action. First, the "court must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a Fourth Amendment claim. Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism." *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000) (quoting *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982)).

"Michigan has a procedural mechanism which presents an adequate opportunity for a criminal defendant to raise a Fourth Amendment claim." *Robinson v. Jackson*, 366 F. Supp. 2d 524, 527 (E.D. Mich. 2005). This procedural mechanism is a motion to suppress, ordinarily filed before trial. *See People v. Ferguson*, 135 N.W.2d 357, 358-59 (Mich. 1965) (describing the availability of a pre-trial motion to suppress); *see also People v. Harris*, 291 N.W.2d 97, 99 (Mich. 1980) (analyzing the legality of a warrantless search, seizure, and arrest even though raised for the first time on appeal). Consequently, Petitioner is entitled to relief only if he establishes that a failure of Michigan's procedural mechanism prevented him from litigating his Fourth Amendment claim. Petitioner has not done so.

The record reveals that Petitioner moved to suppress the evidence at the time of trial. The state trial court conducted a hearing and denied the motion. Petitioner raised the issue again on direct appeal and the state appellate courts denied relief. Consequently, it is clear that the Michigan courts were cognizant of Petitioner's Fourth Amendment claim and that he received all the process he was due.

## IV.   Conclusion

For the reasons stated, Petitioner's Fourth Amendment claim is not cognizable on habeas review pursuant to *Stone v. Powell*. Thus the Court must summarily dismiss Petitioner's application for habeas relief. Petitioner's motion to expedite review of his petition is moot.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Petitioner fails to make a substantial showing of the denial of a constitutional right.

Reasonable jurists would not find the Court's evaluation of Petitioner's Fourth Amendment claim debatable or wrong. Thus, a certificate of appealability is not

warranted. The Court further concludes that Petitioner should not be granted leave to proceed in forma pauperis on appeal, as an appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

Accordingly,

**IT IS ORDERED** that Petitioner's application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**;

**IT IS ORDERED** that Petitioner's motion to expedite habeas proceedings is **DENIED AS MOOT**;

**IT IS FURTHER ORDERED** that Petitioner is **DENIED** a certificate of appealability and leave to proceed in forma pauperis on appeal.

                                                s/ Linda V. Parker
                                                LINDA V. PARKER
                                                U.S. DISTRICT JUDGE

Dated: October 19, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, October 19, 2016, by electronic and/or U.S. First Class mail.

                                                s/ Richard Loury
                                                Case Manager